a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IURII OGANESIAN #A249-373-748, Petitioner | CIVIL DOCKET NO. 1:26-CV-00593 SEC P

VERSUS | JUDGE S. MAURICE HICKS, JR.

KRISTI NOEM ET AL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Iurii Oganesian ("Oganesian"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Oganesian challenges the legality of his continued detention.

Because there is no significant likelihood of Oganesian's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I. Background

Oganesian is a native and citizen of Russia. ECF No. 1 at 2. On March 27, 2024, Oganesian entered the United States at a port of entry at Otay Mesa, CA, in violation of § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). ECF No. 8-1 at 1. He has been detained since.

Oganesian was ordered removed to Russia, but the Immigration Judge granted withholding of removal. The order became administratively final on July 4, 2025. ECF No. 8-1 at 2.

On June 16, 2025, Enforcement and Removal Operations ("ERO") sent a request for acceptance of Oganesian to the Consulate of Honduras. *Id.* On July 15, 2025, ERO sent a request for acceptance to the Consulate of Guatemala. *Id.* According to the record, no response was received from either country.

On August 22, October 2, December 24, 2025, and February 4 and March 4, 2026, ERO "elevated the case to the Removal Division at Headquarters requesting assistance in finding a third country for removal." ECF No. 8-1 at 2-3.

## II. Law and Analysis

### A. The Court has jurisdiction.

The Court has jurisdiction to consider Oganesian's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

B. <u>There is no significant likelihood of Oganesian's removal in the reasonably foreseeable future.</u>

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Oganesian's removal order became final on July 4, 2025, and he has been detained for more than two years, the presumption of reasonableness no longer

applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Oganesian provides good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. He was granted withholding of removal to Russia, which is a clear barrier to his repatriation. *See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025); *Trejo v. Warden of ERO El Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025); *Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, at *1 (S.D. Tex. Aug. 15, 2025).

The burden shifts to the Government to provide evidence of a significant likelihood that Oganesian will be deported in the reasonably foreseeable future. The Declaration of Assistant Field Office Director Matthew Reaves provides that ERO has been searching for a third country for the last year with no success. ECF No. 8-1. Although ERO contacted Honduras and Guatemala in 2025, neither country responded, and the Government has identified no other country willing to accept Oganesian. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to

continue civil detention indefinitely while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive Oganesian remains uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, there is a good reason to believe there is no significant likelihood of Oganesian's removal in the reasonably foreseeable future.

## III. Conclusion

Because there is no significant likelihood of Oganesian's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 13, 2026.



JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE